# UNITED STATES DISTRICT COURT

for

### EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

U.S.A. vs. Taquana Nashay Inzar         Docket No. 7:08-CR-52-2

### Petition for Action on Probation

  COMES NOW Djoni B. Barrett, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Taquana Nashay Inzar, who, upon an earlier plea of guilty to Conspiracy to Use Unauthorized Access Devices and Aiding and Abetting, in violation of 18 U.S.C. 371 and 1029(a)(2), was sentenced by the Honorable W. Earl Britt, Senior U.S. District Judge, on March 9, 2009, to a 60 month term of probation under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

3. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

4. The defendant shall pay a special assessment of $100.00 and restitution of $13,130.23. The court ordered restitution to be paid jointly and severally with co-defendant, John Cabral at a rate of $200 per month to begin thirty days after sentencing.

  On August 9, 2010, the defendant was charged with Driving While Impaired and Speeding in New Hanover County. On September 3, 2010, a Petition for Action was approved by the court modifying the defendant's supervision to include one weekend in custody as a sanction for the new criminal conduct.

  **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

  On April 26, 2011, the defendant reported to the probation officer she was charged with Misdemeanor Assault With a Deadly Weapon in Havelock, North Carolina. The defendant admitted to the probation officer she had been in a romantic relationship with Marvin Harris, the alleged victim, and had terminated their relationship about two months prior to the assault. The defendant

Taquana Nashay Inzar
Docket No. 7:08-CR-52-2
Petition For Action
Page 2

reported Harris assaulted her on April 25, 2011, and she was able to break away from him after the attack. Harris proceeded to attack the defendant again. He had rolled up a dog chain on his fist ready to strike the defendant about the face. In an effort to defend herself, Inzar cut Harris across the arm with a box cutter. The defendant (Inzar) called the Havelock Police Department to report the assault.

Upon further investigation, the probation officer discovered Marvin Harris was a convicted felon. When confronted, the defendant reported she knew Harris had been in trouble, but was unaware of his felon status. As a result of the defendant being charged with a serious assault, and associating with a felon, the probation officer initiated proceedings to return the defendant to court for revocation. On May 26, 2011, the court issued a warrant for the defendant's arrest.

On June 28, 2011, the defendant surrendered to U.S. Marshals in Wilmington, and appeared before US Magistrate Judge, Robert B. Jones, Jr. The defendant was released on supervision pending the revocation hearing and to date, has complied with the conditions ordered.

On August 18, 2011, the defendant appeared in Craven County District Court on the Assault charge, at which time same was dismissed by the District Attorney. We have contacted the Craven County District Attorney's office, and the defendant's state attorney, Mark Chestnutt, and learned the charge was dismissed due to Harris' failure to appear. The case had been continued twice before. Harris' mother (a witness to the altercation) was prepared to come to court to testify that the defendant (Inzar) acted in self-defense and that Harris initiated the assault.

Inzar does not have a history of assaultive behavior. Following completion of our investigation, we believe Inzar could have been severely injured if she had not defended herself. As the assailant (Harris, with nearly twice the body mass of Inzar) prepared to strike a second blow (with his fist wrapped in chain) it seems apparent Inzar's escape options were substantially limited. She could have, should have, more aggressively avoided the potential for confrontation with Harris. Nonetheless, we now believe this was largely a matter of self defense. Accordingly, we recommend the interest of justice will be best served by withdrawing the motion for revocation. Further, the probation officer is recommending the defendant's supervision be modified to include thirty days of home confinement via electronic monitoring. This modification would serve as an appropriate sanction for the violation conduct and a deterrence for future misconduct.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that the Motion for Revocation dated May 26, 2011, be withdrawn, and probation modified as follows:

**Taquana Nashay Inzar**
**Docket No. 7:08-CR-52-2**
**Petition For Action**
**Page 3**

      The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 30 consecutive days. The defendant shall be restricted to her residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. .

      Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Kevin L. Connolley | /s/ Djoni B. Barrett |
| Kevin L. Connolley | Djoni B. Barrett |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 472-C Western Blvd. |
| | Jacksonville, NC 28546-6862 |
| | Phone: (910) 347-9038 |
| | Executed On: August 31, 2011 |

**ORDER OF COURT**

Considered and ordered this ___1___ day of ___September___, 2011, and ordered filed and made a part of the records in the above case.

_____
W. Earl Britt
Senior U.S. District Judge